UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDERSON L. JOMNSON,<br><br>              Petitioner,<br>v.<br><br>FRANK CHAVEZ, Warden,<br><br>              Respondent. | Civil No.13cv2109 DMS (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>[Doc. No. 6] |

     Henderson L. Johnson ("Johnson" or "Petitioner") is a California prisoner proceeding pro se with a 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus ("Petition"). Dkt. No. 1. Johnson alleges that two correctional officers violated his due process rights with respect to citing him on January 11, 2012 with a Rules Violation Report ("RVR") for possession of a cell phone charger.

     Respondent filed a motion to dismiss the Petition. He argues that Johnson fails to challenge the legality or duration of his confinement and therefore fails to allege a cognizable claim for federal habeas corpus relief. Respondent argues the Petition cannot support a finding of federal jurisdiction and must be dismissed.

     As of the date of this order, Petitioner has not filed an opposition. The court reviewed the record, and for the following reasons, **RECOMMENDS** that the district judge **GRANT** the motion to dismiss.

## BACKGROUND

Johnson is currently serving an indeterminate sentence of 25 years to life in prison for a 2003 conviction. Mem. Ps&As, p.2.

On January 11, 2012, Johnson was cited with a RVR for possession of a contraband cell phone charger that was stored under the bed. Pet'n, p.6. The California Department of Corrections and Rehabilitation (CDCR) served the RVR on Johnson within 15 days. *Id.* at 23. It held a hearing within 30 days of service. *Id.* His cell mate at the time, inmate Weatherspoon, admitted full responsibility for bringing the contraband into the cell and taking steps to conceal its presence from Johnson. *Id.* at 6. The charger was concealed within Weatherspoon's belongings. *Id.*

The CDCR found Johnson guilty of possessing the contraband, not owning it. *Id.* at 16, 23. Consequently, Johnson was assessed a forfeiture of 90 days of behavorial credits. *Id.* at 23.

Johnson exhausted his claim in state court. The California Supreme Court denied his habeas petition on this matter on July 17, 2013. *Id.* at 13. He filed the Petition in this court on September 9, 2013. Dkt. No. 1. He claims he suffered a due process violation because he was charged and found guilty of possessing a contraband item in prison that his cellmate admitted to owning.

Respondent argues the court should dismiss the Petition because Johnson does not state a claim that implicates federal law.

## LEGAL STANDARD

Any petition for writ of habeas corpus that seeks relief not available in the district court must be dismissed. Rules Governing §§ 2254 and 2255 Cases, R.4. Filing a motion to dismiss will "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *Lonchar v. Thomas*, 517 U.S. 314, 324 (1996). When filing a habeas petition, a petitioner must allege that he or she is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Claims not cognizable via

federal habeas review are subject to dismissal. *See id.* Leave to amend the petition should be granted unless "no tenable claim for relief can be pleaded." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## DISCUSSION

Johnson cites "due process" as his ground for relief. Pet'n at 6. He does not cite to the Constitution or federal law, nor explain how the disciplinary hearing violated federal law. He generally refers to the fact that he received a RVR for possession of a cell phone charger that his cellmate admitted to owning. In the exhibits attached to the Petition, Johnson went through a disciplinary hearing where he was assessed a 90-day forfeiture of good time credits. He filed an administrative appeal of that decision, which was affirmed.

Without anything more, this Petition does not state a claim cognizable on federal habeas review because Johnson does not show he is entitled to any relief in federal court. *Estelle*, 502 U.S. at 68. To get relief in this court, Johnson would have to allege a constitutional violation.

To properly allege a constitutional violation, Johnson would have to allege more facts and federal law in his Petition. For example, if he could allege that a constitutional violation caused the loss of his time credits, such violation would affect the duration of his sentence and would entitle Johnson to habeas relief. *Young v. Kenny*, 907 F.2d 874, 876-878 (9th Cir. 1990). More specifically, Johnson would have to allege something like a violation of procedural due process in the disciplinary proceeding, where he would have to show that he did not receive:

> (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985). He would also have to show that the decision was not supported by even "some evidence." *Id.* at 455. But Johnson makes no

such allegations here.

Other claims that Johnson would be foreclosed from alleging would be a fifth amendment double jeopardy claim, because disciplinary sanctions and loss of good time credits "do not constitute punishment for double jeopardy purposes." *U.S. v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995); *Fazzini v. Hawk*, 1999 U.S. App. LEXIS 11393, *3 (9th Cir. 1999).  Further, Johnson could not allege that the 90-day forfeiture of behavorial credit was cruel and unusual punishment because for any habeas petition that challenges the length of prison time under the eighth amendment, "the only relevant clearly established law . . . is the gross disproportionality principle . . . applicable only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (citation omitted).  Because good time credits do not affect the length of Johnson's overall sentence but only the time on which he might be released on parole, there is no cognizable, or even possible, eighth amendment claim.

Johnson does not meet his burden to show that his disciplinary proceeding violated federal law.  Accordingly, this court recommends that the habeas petition be dismissed for failure to state a claim.

## CONCLUSION

For all of the above reasons, the court **RECOMMENDS** that motion to dismiss be **GRANTED** and the Petition be **DISMISSED** in its entirety for failure to state any federal claim.

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **January 27, 2014**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 7, 2014**.  The parties are advised that failure to file objections within the specified time may waive the right to

1 | raise those objections on appeal of the Court's order.  *See Martinez v. Ylst*, 951 F.2d 1153
2 | (9th Cir. 1991).
3 | DATED:  January 6, 2014

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court